1  D. Jay Ritt, State Bar No. 138661
   Tiffany W. Tai, State Bar No. 193271
2  **RITT, TAI, THVEDT & HODGES, LLP**
   65 North Raymond Ave., Suite 320
3  Pasadena, CA 91103
4  Tel:   (626) 685-2550
   Fax:   (626) 685-2562
5  Email: ritt@rtthlaw.com
          tai@rtthlaw.com
6
7  Attorneys for Plaintiffs AARON & ANDREW,
      INC. and AARON DESIGN, INC.
8
9  David J. Miclean
   Carmen M. Aviles
10 **MICLEAN GLEASON, LLP**
   100 Marine Parkway, Suite 310
11 Redwood Shores, CA 94065
   Tel: (650) 684-1181
12 Fax: (650) 684-1183
13 Email: dmiclean@micleangleason.com
          caviles@micleangleason.com
14
15 Attorneys for Defendants SEARS HOLDINGS
      MANAGEMENT CORP., KMART CORPORATION,
16 AMERICAN INTERNATIONAL INDUSTRIES, INC.,
   and NORTHEASTERN PLASTICS, INC.
17

FILED
CLERK, U.S. DISTRICT COURT
DEC - 4 2014
CENTRAL DISTRICT OF CALIFORNIA
BY: [initials] DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON & ANDREW, INC., and AARON DESIGN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEARS HOLDINGS MANAGEMENT CORP., et al., <br><br> Defendants. | Case No. CV 14-1196-SS <br><br> **JOINT STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON** |

-1-
JOINT STIPULATION FOR PROTECTIVE ORDER

The parties, by and through the undersigned counsel, hereby **STIPULATE** to the following:

## 1. PURPOSE AND LIMITS OF THIS ORDER

1.1 Discovery in this action is likely to involve the production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Further, the disclosure and use for any purpose other than this litigation is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violation of a confidentiality obligation owed a third party. Therefore, good cause exists for the entry of a protective order. Accordingly, the Parties hereby stipulate to, and request that the Court enter, this Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c) and the local rules of this Court.

1.2 Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation, and shall not be used directly or indirectly for any other purpose whatsoever. Disclosure of Protected Material is prohibited except as expressly provided in this Order.

1.3 The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.

## 2. DEFINITIONS

2.1 Confidential Information or Items: includes information (regardless of how generated, stored, or maintained) or tangible things that include trade

secrets, or other proprietary research, development, commercial, non-public, technical, business, financial, sensitive or private information that a Producing Party believes in good faith can be disclosed to individuals of a Receiving Party (as described in paragraph 7.5 below) solely for the purposes of this litigation, but which must be protected from additional disclosure or dissemination.

    2.2    Copyrights-in-Suit: includes U.S. Copyright Nos. VA 1-325-162 and VA 1-325-163.

    2.3    Counsel (without qualifier): outside counsel of record (as well as their support staff).

    2.4    Designated In-House Counsel: In-House Counsel employed by a Party that are: (a) not involved in competitive decision-making; and (2) to whom disclosure is reasonably necessary for this litigation; and (3) who have signed the Acknowledgment and Agreement To Be Bound" (Exhibit A).

    2.5    Designating Party: includes a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery or subpoena as "Confidential" or "High Confidential-Attorneys Eyes Only".

    2.6    Disclosure or Discovery Material: includes all items or information, including items or information from a non-party, regardless of the medium or manner in which the item or information is generated, stored, maintained (including, but not limited to, deposition testimony, deposition transcripts, and tangible things such as night lights) that are produced or generated in this matter as a part of discovery response or is otherwise disclosed as a part of a motion, hearing or mandatory disclosure.

    2.7    Expert: includes a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with paragraph 7.7 herein.

2.8 Highly Confidential-Attorneys Eyes Only Information or Items: includes extremely sensitive "Confidential Information" or "Confidential Items" (as defined herein) that a Producing Party believes in good faith: (a) creates a substantial risk of harm to a Producing Party if disclosed to a Receiving Party ; (b) is required to be kept confidential to protect the privacy interests of an individual; or (c) is subject to an express obligation of confidentiality owed by the Producing Party to a third party.

2.9 Party: includes any party named as a plaintiff or defendant in this action, including all of its officers, directors and employees.

3.0 Patents-in-Suit: includes U.S. Patent No. 7,832,917 ("the '917 Patent"), U.S. Patent No. 7,871,192 ("the '192 Patent"), U.S. Patent No. 8,083,377 ("the '377 Patent") and U.S. Patent No. 8,128,274 ("the '274 Patent").

3.10 Producing Party: includes a Party or non-party that produces Disclosure or Discovery Material in this action.

3.11 Professional Vendors: includes persons or entities that provide litigation support services (photocopying, organization, storage or retrieval of information in any form or medium, videotaping, translating, exhibit preparation) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.12 Protected Material: includes any Disclosure or Discovery Material that is designated as "Confidential" or "High Confidential-Attorneys Eyes Only".

3.13 Receiving Party: includes a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from such Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

4

conversations, or presentations by Parties or counsel to, or in Court or in other settings that might reasonably be expected to reveal Protected Material. Nothing in this section shall be construed to prejudice either Party's right to use any Protected Material in court, or in any filing in this Court with the consent of the Producing Party or by order of the Court.

## 4. DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of 1) dismissal of all claims and defenses in this action, with or without prejudice; and 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATION OF PROTECTED MATERIAL

### 5.1 *Manner and Timing of Designations.*

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) *for information in documentary form* (other than transcripts of depositions or other pretrial proceedings): the Producing Party shall affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions by, for example, making appropriate

markings in the margins, and must specify, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for production until after the inspecting Party has indicated which material it would like copied and produced. During the inspection, and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Thereafter, the Producing Party shall affix the appropriate legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions by, for example, making appropriate markings in the margins, and must specify, for each portion, the level of protection being asserted.

The use of a document as an exhibit at a deposition shall not in any way affect its designation.

(b) *for testimony given in deposition or other pretrial or trial proceeding:* the Producing Party or non-party offering or sponsoring the testimony shall state on the record, before the close of the deposition, hearing, or other proceeding, that the transcript or portions thereof shall be designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY". If at the close of a deposition, hearing or other proceeding a proper designation cannot be made then a Designating Party shall make such designations within 21 days from the deposition, hearing or proceeding. During the 21 day period the testimony shall be treated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY". If no

designation is made within the 21 day period then the testimony shall not be considered Protected Material.

Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The Designating Party shall inform the court reporter of these requirements.

(c) *for tangible items:* the Producing Party shall affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to a prominent place on the exterior of the container or package in which the tangible item is stored.

5.2 *Inadvertent Failures to Designate.* An inadvertent failure to designate qualified information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovering the inadvertent failure, the Designating Party must promptly notify the Receiving Party or non-Designating Party in writing of the inadvertent failure to designate, provide a designation category, and take steps to provide designated materials to the Receiving Party or non-Designating Party. Upon receipt of such written notice the Receiving Party or non-Designating Party must promptly take all reasonable steps and make all reasonable efforts to assure that the material is treated as indicated in the written notice, including retrieving any copies that have been distributed to, or have otherwise been obtained by, unauthorized individuals. Upon receipt of designated material from the Designating Party, the Receiving Party or non-Designating Party shall promptly destroy and/or delete any copies of the original material.

5.3   *Materials That Are Mistakenly Designated.* If it comes to a Designating Party's attention that information or items that it has designated for protection do not qualify for protection at all, or do not qualify for the level of protection asserted, then the Designating Party must promptly notify all other Parties, and to the extent necessary non-Parties, that is withdrawing or correcting the mistaken designation.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   At any time of this litigation a Party may challenge the designation of material in accordance with Federal Rule of Civil Procedure 37 and Local Rules 37-1 through 37-4.

Until the Court rules on the challenge all parties shall continue to treat the material subject to the challenge in accordance with the level of protection associated with the designation level assigned to the material by the Designating Party.

7.   **ACCESS TO USE OF DESIGNATED MATERIAL**

7.1   *Basic Principles*: All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

7.2   *Secure Storage*: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3.   *Legal Advice Based on Protected Material*: Nothing in this Order shall be construed to prevent a Party's counsel from advising their client with respect to this litigation based in whole or in part upon Protected Materials,

provided such counsel does not disclose the Protected Material itself except as provided in this Order.

7.4 *Limitations*: Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Confidential or Highly Confidential Information, nor the use or disclosure of information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to Order of the Court.

7.5 *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's outside counsel of Record in this action, including such counsel's support staff (paralegals, secretaries);

    (b) Designated In-House Counsel;

    (c) experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have been approved in accordance with paragraph 7.7 below, and their administrative support staff if any;

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and Professional Vendors such as graphics services, jury consultants and electronic document management services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To be Bound" (Exhibit A) by this Order. Jury research participants hired by jury consultants maybe told or shown Protected Materials or information provided: (1) they are not affiliated with any Party or its direct competitors; (2) are not themselves given custody of any copies, summaries, or excerpts of Protected Material or permitted to remove any notes taken during the

exercise from the research facility; and (3) agree in writing to be bound by a confidentiality agreement.

(f) only during their deposition or trial, (1) a current or former officer or director, or employee of the Producing Party or original source of the information, (2) any person selected by a Producing Party to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6), and (3) as to documents produced by a named inventor or previous owner of the Patents or Copyrights-in-Suit only, a current or former officer, director, employee, or 30(b)(6) designee of the Plaintiffs. Persons authorized to view Protected Material under this paragraph (e) shall not retain any Protected Material.

(g) a person who appears on the face of the document to be an author, addressee, or recipient of the document or the original source of the information. Persons authorized to view Protected Material under this paragraph (g) shall not retain any Protected Material.

(h) for Plaintiffs and Defendants, one additional officer or employee of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A) by this Order,

(i) In the event that the additional officer or employee named under section (h) immediately above is no longer employed by a Receiving Party or is otherwise unavailable, a Receiving Party may, with notice to all Parties, identify another individual to receive Confidential Information and Items under paragraph (h) provided that such individual complies with the requirements of paragraph (h) and this Order. Within ten (10) business days of receipt of notice identifying an individual under paragraph (h), either initially or subsequently, the Party receiving notice may object in writing to the individual for good cause. Any such objection must be made in accordance with the procedures set forth in Federal Rule of Civil

Procedure 37 and Local Rules 37-1 through 37-4. If relief is sought, Protected Material shall not be disclosed to the individual in question until the objection is resolved by the Court. In the absence of an objection at the end of the ten day period, the individual shall be deemed approved under this Order.

7.6 *Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" Information or Items*. **Unless otherwise indicated below in section 7.6.1** or ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" only to:

(a) the Receiving Party's outside counsel of Record in this action, including such counsel's support staff (paralegals, secretaries);

(b) experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have been approved in accordance with paragraph 7.7 below, and their administrative support staff if any;

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors such as graphics services, jury consultants and electronic document management services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To be Bound" (Exhibit A) by this Order. Jury research participants hired by jury consultants maybe told or shown Protected Materials or information provided: (1) they are not affiliated with any Party or its direct competitors; (2) are not themselves given custody of any copies, summaries, or excerpts of Protected Material or permitted to remove any notes taken during the exercise from the research facility; and (3) agree in writing to be bound by a confidentiality agreement.

(e) only during their deposition or trial, (1) a current or former officer or director, or employee of the Producing Party or original source of the

information, (2) any person selected by a Producing Party to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6), and (3) as to documents produced by a named inventor or previous owner of the Patents or Copyrights-in-Suit only, a current or former officer, director, employee, or 30(b)(6) designee of the Plaintiffs. Persons authorized to view Protected Material under this paragraph (e) shall not retain any Protected Material.

(f) a person who appears on the face of the document to be an author, addressee, or recipient of the document or the original source of the information. Persons authorized to view Protected Material under this paragraph (g) shall not retain any Protected Material.

(g) Outside counsel for any Receiving party may request that any Protected Material designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" be shown to individuals not otherwise approved to receive such information under this Order by specifying the Bates range of the documents sought to be shown and identifying the basis for such disclosure. The Receiving Party and Designating Party shall enter in good faith discussions concerning a request under this paragraph (g), including the possibility of providing a redacted version of any document sought to be shown. If the Parties are unable to reach agreement, the Receiving Party may move the Court for approval to make the requested disclosure.

7.6.1 *Additional Disclosure Limitations For Certain "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information.* Information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY -- SUBJECT TO P. 7.6.1" that is identified by the Producing Party as being related to new, inventive projection night light technology under development that is not yet the subject of a filed patent application or not yet disclosed to the public may be disclosed to those individuals indicated in sections 7.6 (a) through 7.6(g) **except:**

JOINT STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

Benjamin E. Urcia, Esq. and any other attorney or staff of the law firm of Bacon and Thomas PLLC, who has been involved in the preparation and prosecution of patent applications of projection night lights for Plaintiffs shall not be given access to such Information. For purpose of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise prosecuting the patent applications. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a client, including a Party, challenging or defending a patent or application before a domestic or foreign agency including, but not limited to, a reissue protest, ex parte reexamination, inter parties reexamination, inter parties review, post grant review, interference or similar agency matters.

7.7 *Experts and Consultants.*

(a) prior to disclosing any Protected Material to any outside expert or consultant, the Party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the expert or consultant; (ii) the present employer and title of the expert or consultant; (iii) an up-to-date resume of the expert or consultant; (iv) a listing of all legal cases in which the person has served as testifying expert or over the last five years, including an identification of the entity for which the expert provided services; (v) a listing of all consulting projects undertaken by the consultant within the last five years; and (vi) an executed copy of the "Acknowledgment And Agreement To Be Bound" (Exhibit A) by this Order.

(b) Within fourteen (14) business days of receipt of the information in paragraph (a) immediately above, the Party receiving such notice may object in writing to the proposed expert or consultant for good cause. Any such objection must be made in accordance with the procedures set forth in Federal Rule of Civil Procedure 37 and Local Rules 37-1 through 37-4. If relief is sought, Protected Material shall not be disclosed to the expert or consultant in question until the

objection is resolved by the Court. In the absence of an objection at the end of the 14 day period, the expert or consultant shall be deemed approved under this Order.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any Party or person that has obtained any Protected Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information, such person shall promptly notify the Designating Party of the service of the subpoena, where such notification shall include a copy of the subpoena or court order. The person receiving the subpoena shall not produce any confidential information in response to the subpoena without either written consent of the Designating Party or an order of a court of competent jurisdiction. However, the Designating Party shall have the burden of seeking a court order relieving the subpoenaed party of the obligation of the subpoena.

9. **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request that such person or persons execute the "Acknowledgment And Agreement to Be Bound" (Exhibit A).

An unauthorized or inadvertent disclosure does not change the status of Protected Material or waive a right to hold the disclosed document or information as protected under this Order.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A Receiving Party has an affirmative obligation to notify the Producing Party if, and when, the Receiving Party discovers a document produced by the Producing Party that the Receiving Party reasonably believes may contain information subject to the attorney-client privilege, the joint defense privilege, and/or the work product privilege.

If a Producing Party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document, or a document protected from disclosure by the work-product doctrine, the production of that document shall not be deemed to constitute a waiver of, nor prejudice, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine. Provided, if discovered by the Producing Party, the Producing Party must notify the Receiving Party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the Producing Party or destroyed within 5 days after such notice.

In the event documents are returned to the Producing Party, the Producing Party shall maintain the referenced documents until the parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel such documents. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s) in accordance with the procedures set forth in Rule 26 and 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4. However,

in no case will the return of any demanded document be delayed or refused by reason of a Party's objection to the demand or by the filing of a motion to compel, nor may a Party assert the fact of the inadvertent production a ground for any such motion. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including during a deposition, at a hearing or at trial or in any Court filing, unless and until such a motion to compel that document is granted by the Court, except as such information may appear in any applicable privilege log.

## 11. FILING PROTECTED MATERIAL AND FILING MATERIAL UNDER SEAL

Without written permission From the Designating Party or a court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

A party seeking to file under seal any designated material must comply with Local Rule 79-5.1.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must, at the option of the Producing Party, destroy or return to the Producing Party all Protected Material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if different, the DesignatingParty) by the sixty day deadline confirming that all Protected Material was destroyed or handled as otherwise agreed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside

Counsel are entitled to retain an archival copy of all pleadings, motion papers, and transcripts. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 and elsewhere herein.

**IT IS SO STIPULATED.**

                        RITT, TAI, THVEDT & HODGES, LLP

                        */S/ TIFFANY W. TAI*

Dated: December 2, 2014 _____
                        D. JAY RITT
                        TIFFANY W. TAI
                        Attorneys for Plaintiffs AARON DESIGN, INC. and AARON & ANDREW, INC.

                        MICLEAN GLEASON, LLP

                        */S/ CARMEN M. AVILES*

Dated: December 1, 2014 _____
                        DAVID J. MICLEAN
                        CARMEN M. AVILES
                        Attorneys for Defendants SEARS HOLDINGS MANAGEMENT CORP., KMART CORP., AMERICAN INTERNATIONAL INDUSTRIES, INC. and NORTHEASTERN PLASTICS, INC.

**[PROPOSED] ORDER**

*For good cause shown,*

**IT IS SO ORDERED.**

DATED: 12/4/14           _____
                              SUZANNE H. SEGAL
                              United States District Magistrate Judge

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Aaron & Andrew, Inc., et al. v. Sears Holdings Management Corp.*, USDC Case No. CV 14-1196-SS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____