Drexel A. Bradshaw (SBN 209584)
Nicolet Corliss (SBN 280606)
Bradshaw & Associates, P.C.
One Sansome, Thirty-Fourth Floor
San Francisco, CA 94104
Phone (415) 433-4800
Fax (415) 433-4841

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AARON & ANDREW, INC. and AARON DESIGN, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SEARS HOLDINGS MANAGEMENT CORP., a Delaware corporation; KMART CORPORATION, a wholly-owned subsidiary of Sears Holdings Management Corp.; AMERICAN INTERNATIONAL INDUSTRIES, INC., a Nevada corporation; NORTHEASTERN PLASTICS, INC., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:14-CV-01196 SS<br><br>**PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS AMERICAN INTERNATIONAL INDUSTRIES, INC. AND NORTHEASTERN PLASTICS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Judge:**  Magistrate Judge Suzanne H. Segal<br>**Dept:**    23 |

## INTRODUCTION

As provided by Rule 55 of the Federal Rules of Civil Procedure and applicable federal case law, Plaintiffs Aaron & Andrew, Inc. and Aaron Design, Inc. (together, "Plaintiffs") request that this Court direct the Clerk to enter the default of Defendants Northeastern Plastics, Inc. ("NPI") and American International Industries, Inc. ("AII") for otherwise failing to plead or otherwise defend against this

- 1 -

*Aaron & Andrew, Inc., et al. v. Sears Holdings Management Corp., et al. – Plaintiffs' Request for Entry of Default Against Defendants AII and NPI*
{00140532;1}

action in a timely manner and for failing to timely retain counsel as ordered by this Court.

## STATEMENT OF FACTS

Plaintiffs filed the Complaint in this action on February 14, 2014. *See* Declaration of Drexel A. Bradshaw in Support of Request for Default ("Bradshaw Decl.") at ¶4. Defendant AII was served with the Summons and Complaint on March 3, 2014, while Defendant NPI was served with the Summons and Complaint on March 4, 2014. Bradshaw Decl. at ¶5; **Exhibit A, B**. Both Defendants filed an Answer to the Complaint on May 23, 2014. Bradshaw Decl. at ¶6.

On December 12, 2014, Miclean Gleason LLP ("Miclean"), counsel for all Defendants, filed a Motion to Withdraw as the Attorney of Record for all Defendants ("Motion to Withdraw"). Bradshaw Decl. at ¶7. Miclean alleged that it was experiencing an irremediable breakdown in communication with its clients and that there existed a conflict of interest between its clients Defendants Sears Holdings Management Corp. ("Sears") and Kmart Corporation ("Kmart") on the one hand, and Defendants AII and NPI on the other hand. *Id.* Plaintiffs filed a limited opposition to the Motion to Withdraw, requesting, in part, that this Court order Defendants AII and NPI, who had expressed no intent to retain alternate counsel, to seek substitute counsel by a date certain or face entry of default. Bradshaw Decl. at ¶8.

On January 13, 2015, this Court held a hearing on Defendants' Motion to Withdraw. Bradshaw Decl. at ¶9. On January 15, 2015, this Court issued a Civil Minute Order, holding that "a corporation may not appear in any action or proceeding *pro se*. [Citations omitted]. Bradshaw Decl. at ¶9; **Exhibit C**. Counsel informed Mr. Fields that FPI [sic] could not represent itself and alerted him to the consequences of FPI's (and AII's) inability to appear *pro se*, including eventual entry of default." *Id.* The Court further held that "[a]lthough Mr. Fields' declaration appears to indicate that FPI does not intend to seek substitute counsel, the Court GRANTS Defendants FPI and AII thirty (30) days from the date of this Order to reconsider any decision to forego representation in this matter and to engage substitute counsel." *Id.*

Based on the Register of Actions for this matter, as of the date of this Request, Defendants AII and NPI have failed to retain counsel as ordered. Bradshaw Decl. at ¶10; **Exhibit D**.

//

- 2 -

*Aaron & Andrew, Inc., et al. v. Sears Holdings Management Corp., et al. -- Plaintiffs' Request for Entry of Default Against Defendants AII and NPI*
{00140532;1}

**ARGUMENT**

**I. THIS COURT SHOULD DIRECT THE CLERK TO ENTER THE DEFAULTS OF DEFENDANTS AII AND NPI FOR FAILURE TO TIMELY COMPLY WITH THE COURT'S ORDER TO RETAIN SUBSTITUTE COUNSEL.**

This Court has the authority under Federal Rules of Civil Procedure and the applicable federal case law to direct the Clerk to enter default of certain corporate parties for failure to timely retain counsel. Federal Rule of Civil Procedure 55 mandates that a clerk enter default against a party who has "failed to . . . otherwise defend" an action. F.R.C.P. 55(a). A corporate defendant's failure to retain counsel upon order of the Court constitutes "failing to defend." *See U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244 (9th Cir.1993) (Default judgment against corporation was appropriate due to corporation's failure to comply with order to retain licensed counsel). If corporate defendants "do not obtain representation, Plaintiff can seek default judgment against Defendants for his individual damages." *Clancy v. Bromley Tea Co.*, 2014 WL 212603, *2 (N.D. Cal. Jan. 17, 2014). "'A corporation or other entity may appear only by an attorney.' As such, the Porges Defendants are informed that their failure to obtain counsel will result in the entry of default against them and that Plaintiffs will be permitted to seek default judgment." *Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Porges*, 2013 WL 4012009, *4 (E.D. Cal. Aug.6, 2013) (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir.2007) (affirming district court's entry of default judgment based on corporate defendant's failure to retain counsel)). "Cherry's withdrawal would leave the INTIC unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel)." *Accord Fidelity Nat'l TIC of N.Y. v. INTIC*, 310 F.3d 537, 541 (7th Cir. 2002).

Here, Defendants AII and NPI were properly served with the Summons and Complaint in this matter. The proof of services for the Summons and Complaints were filed with this Court on April 11, 2014 and March 26, 2014 respectively. Further, AII and NPI timely answered the Complaint on May 23, 2014. However, Plaintiffs do not seek AII and NPI's defaults based on these Defendants' failure to answer; instead, Plaintiffs seek Defendants AII and NPI's defaults based on this Court's January 15, 2015 Civil Minute Order, which gives Defendants AII and NPI thirty (30) days to retain substitute

- 3 -

*Aaron & Andrew, Inc., et al. v. Sears Holdings Management Corp., et al. – Plaintiffs' Request for Entry of Default Against Defendants AII and NPI*
{00140532;1}

improper *pro per* corporate defendants. Defendants AII and NPI have otherwise failed to defend their interests in this action and the clerk is required to enter their default upon request. *See* F.R.C.P. 55(a). Accordingly, Plaintiff respectfully requests that this Court enter the defaults of Defendants AII and NPI.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter the defaults of Defendant AII and Defendant NPI.

DATE: April 20, 2015

                                          /s/ Drexel A. Bradshaw
                                          Drexel A. Bradshaw
                                          Attorney for Plaintiffs

# PROOF OF SERVICE

*AARON & ANDREW, INC. et al v. SEARS HOLDINGS MANAGEMENT*
USDC – CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
CASE NO. 2:14-CV-01196SS

The undersigned certifies and declares as follows: I am over the age of 18 years and am not party to the within action. I am employed in the County of San Francisco, California. My business address is One Sansome Street, 34th Floor San Francisco, CA 94104. On April 20, 2015 I served the following document:

PLAINTIFF'S REQUEST FOR ENTRY OF DEFALT AGAINST DEFENDANTS AMERCIAN INTERNATIONAL INDUSTRIES, INC. AND NORTHEASTERN PLASTICS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

in the manner described below to the interested parties herein and addressee:

<u>Via ECF and US Mail:</u>
Jason H. Wilson
Willenken Wilson Loh & Delgado LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
(tel) 213-955-8020
(fax)213-955-9250
email: jasonwilson@willenken.com

<u>Via US Mail Only:</u>
Tracy Padilla, Process Specialist, Resident Agent
For American International Industries, Inc.
123 West NYE Lane, #129
Carson City, NV 89706

<u>Via US Mail Only:</u>
CT Corporation Systems, Agent for Service of Process by Rebekah Laird-Ruthstrom, Authorized Agent to Accept Service
601 Cien St. Ste 235
Kemah, TX 77565

☒ MAIL: I placed a true and correct copy thereof in a sealed envelope and caused such envelope to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

☒ BY COURT'S CM/ECF SYSTEM: Pursuant to USDC-CENTRAL DISTRIC-WESTERN DIVISION rules, for cases subject to electronic case filing, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

☐ HAND DELIVERY: I scanned a true and correct copy of each document and sent via electronic mail to Bear Flag Process Services, Inc. to be delivered by hand to the addressee(s).

- 1 -

*AARON & ANDREW, INC. et al v. SEARS HOLDINGS MANAGEMENT*
USDC – CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
CASE NO. 2:14-CV-01196SS
{00141266;1}

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 20, 2015 at San Francisco, California.

*[signature]*

Rebecca B. Mance

- 2 -

*AARON & ANDREW, INC. et al v. SEARS HOLDINGS MANAGEMENT*
USDC – CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
CASE NO. 2:14-CV-01196SS
{00141266;1}