1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   AARON & ANDREW, INC., et al.,        Case No. CV 14-1196 SS

12              Plaintiffs,               **MEMORANDUM DECISION AND ORDER
                                          GRANTING PLAINTIFFS' REQUEST**
13       v.                               **FOR ENTRY OF DEFAULT AGAINST
                                          DEFENDANTS AMERICAN**
14   SEARS HOLDING MANAGEMENT CORP.,      **INTERNATIONAL INDUSTRIES, INC.
     et al.,                              AND NORTHEASTERN PLASTICS,**
15                                        **INC.  (Dkt. No. 125)**
              Defendants.
16

17                                   **I.**

18                              **INTRODUCTION**

19

20        Plaintiffs Aaron & Andrew, Inc. and Aaron Design, Inc. filed

21   the instant patent infringement action against Defendants Sears

22   Holdings Management Corp. ("Sears"), Kmart Corporation ("Kmart"),

23   American International Industries, Inc. ("AII"), and Northeastern

24   Plastics, Inc. ("NPI") on February 14, 2014.  AII was personally

25   served with the Complaint through its registered agent for

26   service of process on March 3, 2014.  (Dkt. No. 30).  NPI was

27   personally served through its registered agent for service of

28   process on March 4, 2014.  (Dkt. No. 23).  On March 26, 2014, all

four Defendants jointly appeared.[1]  (Dkt. No. 27).  Although represented by the same counsel, Miclean Gleason LLP ("Miclean"), Defendants separately filed Answers to the Complaint on May 23, 2014.  (See Dkt. Nos. 44 (AII), 45 (Kmart), 46 (NPI), & 47 (Sears)).

On December 12, 2014, Miclean filed a motion to withdraw as Defendants' counsel of record.  (Dkt. No. 96).  Sears and Kmart filed requests for substitution of attorney, (Dkt. Nos. 97-102, 104), which the Court granted on December 23-24, 2014.  (Dkt. Nos. 105-110).  On January 13, 2015, the Court held a hearing on Miclean's motion to withdraw, which by that date concerned only Miclean's representation of AII and NPI.  Miclean informed the Court that NPI had not indicated whether it would seek new representation despite having been advised that corporations may not appear pro se in federal court.  Counsel further stated that all efforts to reach AII directly were unsuccessful.

The Court granted Miclean's motion to withdraw on January 15, 2015.  (Dkt. No. 116).  The Order authorizing the withdrawal of counsel reminded the parties that corporations "may not appear in any action or proceeding pro se."  (Id. at 3) (citing, inter alia, Rowland v. California Men's Colony, 506 U.S. 194, 202

---

[1] On April 23, 2014, Defendants jointly filed a Statement of Consent to Proceed before United States Magistrate Judge.  (Dkt. No. 35).  Because Plaintiffs had already consented to magistrate jurisdiction, (Dkt. No. 20), the instant matter was assigned to the undersigned Magistrate Judge on the same date for all purposes pursuant to 28 U.S.C. § 636(C) and Fed. R. Civ. P. 73(b).  (See Dkt. No. 37).

1  (1993), and C.D. Cal. L.R. 83-2.10.1).   The Court granted AII and

2  NPI thirty days, *i.e.*, until February 17, 2015, "to reconsider

3  any decision to forego representation in this matter and to

4  engage substitute counsel."   (Dkt. No. 116 at 4).   Neither AII

5  nor NPI moved to substitute counsel by the Court's deadline.

6  Accordingly, on April 20, 2015, Plaintiffs filed the instant

7  "Request for Entry of Default" against AII and NPI.  ("Request,"

8  Dkt. No. 125).   The Request is supported by the declaration of

9  Plaintiffs' counsel Drexel A. Bradshaw.  ("Bradshaw Decl.," Dkt.

10 No. 125-1).

11

12       On April 30, 2015, the Court issued a Briefing Schedule and

13 Order requiring Plaintiffs to serve copies of their Request,

14 along with copies of the Court's April 30, 2015 Briefing Schedule

15 and Order, on AII and NPI "through their respective registered

16 agents for service of process within three days of the date of

17 [the Court's] Order."  (Dkt. No. 127 at 4).   On May 4, 2015,

18 Plaintiffs filed a "Notice of Service of Order Pursuant to Minute

19 Order Dated April 30, 2015", which included a proof of service

20 reflecting that Plaintiffs had served the required documents on

21 AII's and NPI's registered agents for service of process on May

22 1, 2015.[2]   (Dkt. No. 128).   AII and NPI were required to file

23 their respective Oppositions to the Request for Entry of Default,

24 if any, within ten days after service of the Order on their

25 registered agents, *i.e.*, by May 11, 2015.  (Dkt. No. 116 at 4).

26

27 [2] The following day, on May 5, 2015, Plaintiffs filed an amended
   notice clarifying that the Notice itself, as opposed to the
   underlying documents, was served on all parties, including AII
28 and NPI, on May 5, 2015.  (Dkt. No. 129).

As of the date of this Order, no Opposition has been filed. Accordingly, for the reasons stated below, the Court GRANTS Plaintiff's Request for Entry of Default against AII and NPI.

## II.

### STANDARDS FOR ENTRY OF DEFAULT

Plaintiffs seek entry of default pursuant to Federal Rule of Civil Procedure 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "Entry of default effects an admission of all well-pleaded allegations in the complaint by the defaulted party." Johnson v. Patel, 2014 WL 3421002, at *1 (E.D. Cal. July 14, 2014) (citing Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977)). Entry of default, which "precludes a party from contesting liability," is a prerequisite to, but independent of, entry of default judgment, "which decides all aspects of the litigation." Lowe v. Elite Recovery Solutions, L.P., 2008 WL 324777, at *1 n.1 (E.D. Cal. Feb. 5, 2008); Vongrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[E]ntry of default . . . is a prerequisite to an entry of default judgment."). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment" and may be challenged under the provisions of Rule 55(c). PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) ("The court's discretion is especially broad

4

where, as here, it is entry of default that is being set aside, rather than a default judgment.") (quoting <u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941, 945 (9th Cir. 1986) (internal quotation marks omitted)).

"[T]he entry of default [under Rule 55(a)] (as opposed to the issuance of a <u>default judgment</u>) normally is a ministerial task for the Clerk of the Court[.]" <u>Abur v. Republic of Sudan</u>, 437 F. Supp. 2d 166, 169 (D. D.C. 2006) (brackets added; emphasis and parentheses in original); <u>Alarcon v. Shim Inc.</u>, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007) (entry of default is "a ministerial, not judicial, act"). However, even though entering default is a task normally delegated to the court clerk, the court retains authority to rule on a request for entry of default. As one court explained:

> Despite the Rule's explicit statement that the ministerial act of entering a party's default on the record of the case 'must' be accomplished by 'the clerk,' courts and commentators alike have held that a court also may enter a party's default. For example, Professors Wright, Miller, and Kane's definitive treatise contains this statement, distilled from an examination of numerous cases: "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright et al., Federal Practice and

Procedure § 2682, at 19 (3d ed.1998) (emphasis
supplied, footnote omitted).

Liberty Mut. Ins. Co. v. Fleet Force, Inc., 2013 WL 3357167, at
*1 (N.D. Ala. July 1, 2013) (citing cases). "A district judge's
decision about whether he or she should perform the ministerial
function of entering default that is assigned to the clerk by the
text of Rule 55(a) is vested within the judge's sound
discretion." Id. at 2.

The court's authority to enter default is properly exercised
where entry of default is sought after a party has appeared.
Unlike situations where the defendant entirely fails to appear or
defend, "[e]ntry of default after a party has appeared in an
action operates as a sanction" and requires the Court to weigh
the following five factors:

(1) the public's interest in expeditious resolution of
litigation; (2) the court's need to manage its docket;
(3) the risk of prejudice to the other party; (4) the
public policy favoring the disposition of cases on
their merits; and (5) the availability of less drastic
sanctions.

LegalZoom.com, Inc. v. Macey Bankruptcy Law, P.C., 2014 WL
961832, at *2 (C.D. Cal. Mar. 12, 2014) (quoting Adriana Int'l

6

1  Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).[3]

2  Notably, the Ninth Circuit has explicitly found that a corporate

3  defendant's failure to secure or retain counsel following an

4  appearance is a sufficient ground for entry of default. See

5  Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d

6  993, 998 (9th Cir. 2007) ("[W]e have recognized default as a

7  permissible sanction for failure to comply with local rules

8  requiring representation by counsel."); see also United States v.

9  High Country Broadcasting, Co., Inc., 3 F.3d 1244, 1245 (9th Cir.

10  1993) (entry of default judgment "perfectly appropriate" where

11  corporate defendant fails to retain counsel for the duration of

12  the litigation); LegalZoom.com, 2014 WL 961832, at *3

13  ("[S]triking [defendants'] answers and entering default is an

14  appropriate sanction for [corporate defendants'] failure to

15  retain new counsel.").

16

_____

17  [3] The standards for entry of default judgment are more stringent
    than those for entry of default. Following entry of default,

18  district courts are authorized to grant default judgment so long
    as the judgment does not "differ in kind from, or exceed in

19  amount, what is demanded in the pleadings." Fed. R. Civ. P.
    54(c). "Factors which may be considered by courts in exercising

20  discretion as to the entry of a default judgment include: (1) the
    possibility of prejudice to the plaintiff, (2) the merits of

21  plaintiff's substantive claim, (3) the sufficiency of the
    complaint, (4) the sum of money at stake in the action; (5) the

22  possibility of a dispute concerning material facts; (6) whether
    the default was due to excusable neglect, and (7) the strong

23  policy underlying the Federal Rules of Civil Procedure favoring
    decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-

24  72 (9th Cir. 1986). In considering the Eitel factors, "all
    factual allegations in the complaint are taken as true, except

25  for those relating to damages." Solis v. Patel, 2012 WL 5389822,
    at *1 (N.D. Cal. Nov. 2, 2012). However, in keeping with the

26  federal policy favoring resolution of disputes on the merits,
    "default judgments are ordinarily disfavored." Eitel, 782 F.2d

27  at 1472.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DISCUSSION

The Court finds that the five factors a court must consider when default is requested following a defendant's appearance favor entry of default here.  See Adriana Int'l Corp., 913 F.2d at 1412.

**A.   Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- favor entry of default.  The failure of AII and NPI to secure counsel hinders the Court's ability to move this case toward disposition and indicates that AII and NPI do not intend to litigate this action diligently.  As a result, the first two factors favor entry of default.

**B.   The Risk Of Prejudice To The Party Seeking Entry Of Default**

The third factor -- prejudice to the other party -- also favors entry of default.  "Unreasonable delay is the foundation upon which a court may presume prejudice."  Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000).  Here, neither AII nor NPI has offered any excuse for their failure to obtain substitute counsel.  Accordingly, this factor favors entry of default.

1  **C.    Less Drastic Alternatives**

2

3      The   fourth   factor   --   the   availability   of   less   drastic

4  alternatives -- also favors entry of default.  The Court afforded

5  ample notice and opportunity to AII and NPI to obtain substitute

6  counsel,   first   by   granting   thirty   days   to   obtain   substitute

7  counsel when the Court approved Miclean's motion to withdraw,

8  then by granting an additional ten days to obtain counsel to

9  oppose Plaintiffs' Request for Entry of Default.  However, AII

10  and NPI failed on both occasions to comply with the Court's

11  Order.    Alternatives  other  than  entry  of  default  are  not

12  appropriate given the extended period the Court has provided to

13  AII and NPI to obtain substitute counsel and AII's and NPI's

14  failure to do so.

15

16  **D.    Public Policy Favoring Disposition On The Merits**

17

18      The   final   factor   --   the   public   policy   favoring   the

19  disposition of cases on their merits -- ordinarily weighs against

20  entry of default.  However, this litigation is at an impasse with

21  respect to Plaintiffs' claims against AII and NPI due to AII's

22  and NPI's prolonged refusal to obtain counsel.   Under these

23  circumstances,  the  public  policy  favoring  the  resolution  of

24  disputes  on  the  merits  does  not  outweigh  AII's  and  NPI's

25  unexplained failure to secure substitute counsel and does not

26  preclude entry of default.  See Solis, 2012 WL 5389822, at *2

27  (default judgment warranted where defendants' failure to appear

28

despite knowledge of the pending litigation renders it "unlikely that a decision on the merits is reasonably possible").

## IV.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Request for Entry of Default against Defendants AII and NPI is GRANTED.   The Answers to the Complaint filed by AII (Dkt. No. 44) and NPI (Dkt. No. 46) are hereby STRICKEN.   The Clerk of the Court is DIRECTED to enter default against AII and NPI pursuant to Federal Rule of Civil Procedure 55(a).   Counsel for Plaintiffs is ORDERED to serve copies of this Order by United States mail on AII's and NPI's registered agents for service of process and to file the proof of service with the Court within seven days of the date of this Order.

IT IS SO ORDERED.

DATED:   June 5, 2015

                                        /S/
                                SUZANNE H. SEGAL
                                UNITED STATES MAGISTRATE JUDGE