**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON & ANDREW, INC. and AARON DESIGN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SEARS HOLDINGS MANAGEMENT CORP., et al.,<br><br>　　　　Defendants. | CASE NO. CV 14-1196 SS<br><br>**MEMORANDUM AND ORDER RE MOTION TO WITHDRAW AS ATTORNEYS' OF RECORD (DKT. NO. 195)** |

　　On August 10, 2017, Bradshaw & Associates, P.C., Plaintiffs' counsel of record ("Counsel"), filed a Motion to Withdraw as Attorneys of Record ("Motion to Withdraw"). (Dkt. 195). Defendants do not oppose the Motion. (Dkt. No. 197). On September 26, 2017, the Court held a telephonic hearing and granted the Motion to Withdraw. (Dkt. Nos. 204, 205). Plaintiffs' representative appeared at the hearing and participated. The Court advised Plaintiffs' representative of the need to find new counsel. The Court issues the current order to provide the basis for the Court's ruling.

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw "[u]nless good cause is shown and the ends of justice require [such relief]." L.R. 83-2.3.5. A district court's order concerning "counsel's motion to withdraw is reviewed for an abuse of discretion." United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009); LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

In the Motion to Withdraw, Counsel asserts that "Plaintiffs have failed to cooperate and communicate with Counsel and the attorney-client relationship [has] irretrievably broken down." (Dkt. No. 195 at 1). Plaintiffs' representatives have not offered any evidence to challenge this assertion, despite participating in the hearing on the Motion. Furthermore, Plaintiffs apparently offered Counsel "the option to withdraw as counsel." (Id. at 3). Counsel also asserts that "[w]ithdrawal will result in no delays in prosecution of the case." (Id. at 4). Counsel notified Plaintiffs on July 6, 2017, of his intent to withdraw and the next case deadline is not until December 2017. (Id. at 3-4). Thus, if Plaintiffs promptly retain new counsel, they will not be prejudiced by Counsel's withdrawal. Pursuant to Local Rule 83-2.3.4, Counsel provided written notice to Plaintiffs on September 13, 2017, that they may not appear pro se because they are corporate entities and that failure to retain new counsel could result in their case being dismissed for failure to prosecute. (Dkt. No. 203).

|   |   |
|---|---|
| 1 | Based upon the representations of Plaintiffs' counsel, the |
| 2 | Court concludes that Counsel has made a sufficient showing of good |
| 3 | cause and thus GRANTS the Motion to Withdraw. Plaintiffs are |
| 4 | admonished that as corporate entities, they must have counsel to |
| 5 | proceed in this action. LR 83-2.2.2 ("No organization or entity of |
| 6 | any other kind (including corporations, limited liability |
| 7 | corporations, partnerships, limited liability partnerships, |
| 8 | unincorporated associations, trusts) may appear in any action or |
| 9 | proceeding unless represented by an attorney permitted to practice |
| 10 | before this Court under L.R. 83-2.1."). Plaintiffs are granted |
| 11 | until **October 27, 2017,** to retain new counsel and have counsel file |
| 12 | a Notice of Appearance. (See Dkt. No. 204). The failure to retain |
| 13 | new counsel may result in this action being dismissed for failure |
| 14 | to prosecute. |
| 15 |   |
| 16 | Bradshaw & Associates shall serve a copy of this Order on |
| 17 | Plaintiffs, shall file a copy of the proof of service of the Order |
| 18 | within seven days of the date of this Order, and shall otherwise |
| 19 | comply with all applicable rules of professional responsibility. |
| 20 |   |
| 21 | IT IS SO ORDERED. |
| 22 |   |
| 23 | DATED: October 3, 2017 |
| 24 |   |
| 25 | /S/ |
|   | SUZANNE H. SEGAL |
| 26 | UNITED STATES MAGISTRATE JUDGE |
| 27 |   |
| 28 |   |

4